Filed 7/2/13  In re K.G. CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re K.G., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>v.<br><br>K.G.,<br><br>　　　　Defendant and Appellant. | A136731<br><br>(San Francisco City & County Super. Ct. No. JW106598) |

Appellant and defendant K.G. appeals from the dispositional order of the juvenile court following a negotiated resolution of a third Welfare and Institutions Code section 602 petition, pursuant to which defendant admitted committing felony assault (Pen. Code, § 245, subd. (a)(4))[1] while in juvenile hall.  His appellate counsel has raised no issues and asks this court for an independent review of the record to determine whether there are any issues that would, if resolved favorably to defendant, result in reversal or modification of the judgment.  (*People v. Kelly* (2006) 40 Cal.4th 106; *People v. Wende* (1979) 25 Cal.3d 436.)  Defendant was notified of his right to file a supplemental brief, but has not done so.  Upon independent review of the record, we conclude no arguable issues are presented for review, and affirm the disposition order.

---

[1] All further references are to the Penal code unless otherwise indicated.

1

Starting in November 2010, the San Francisco District Attorney filed a series of Welfare and Institutions Code section 602 petitions against defendant. At the time the first petition was filed, defendant was 14 years old. He was born in El Salvador, and when he was four years old, his parents emigrated to the United States. He remained in El Salvador with his grandparents until 2005, when he joined his parents in the United States. After his parents separated the following year, his mother went through a year of depression. Defendant started associating with juveniles his mother suspected were gang members, and began becoming a "terror" at home.

On November 23, 2010, the San Francisco District Attorney filed a Welfare and Institutions Code section 602 petition alleging defendant possessed marijuana for sale in violation of Health and Safety Code section 11359, subdivision (a)). Defendant was released pending receipt of narcotics results. On returning home, defendant promptly sought additional marijuana, and shortly thereafter was "jumped" by Sureño gang members at a new school because he "flashed" Norteño signs. Defendant exuded contempt and disrespect for his parents, the probation officer and the legal proceedings.

On March 2, 2011, the juvenile court ordered home detention and released defendant subject to numerous terms and conditions, including drug testing. Defendant's conduct continued as before, and he tested positive for marijuana throughout the month. On April 7, pursuant to a negotiated disposition, defendant admitted to being an accessory to a felony (§ 32), and on April 4 was placed on formal probation.

Less than two months later, on June 29, 2011, the district attorney filed a second petition alleging defendant had participated in two robberies, an assault and attempted murder for the benefit of a street gang. The district attorney also filed a petition to revoke his probation and a motion to determine he was unfit for adjudication in the juvenile court system. Defendant and three other males assaulted, robbed and repeatedly stabbed the victim. Nine months later, on March 28, 2012, the matters were resolved by defendant admitting to one count each of receiving stolen property, robbery and assault. All other allegations and enhancements, and the petition to revoke probation were

2

dismissed. Following a contested dispositional hearing on June 5, the court declared defendant a ward, placed him in juvenile hall for two years, and set his maximum term of confinement at seven years four months, with 350 days' credit for time served. The court at one point expressed interest in placing defendant at the Log Cabin Ranch School, but the court and counsel believed, given his immigration and customs enforcement (ICE) hold, he was not eligible for such placement under Probation Department rules or policies.

Two months later, on August 1, 2012, the district attorney filed a third petition, alleging defendant, while in juvenile hall, committed felony assault with force likely to produce great bodily injury and for the benefit of a street gang (§§ 245, subd. (a)(4), 12022.7 & 186.22), and re-alleging the street gang participation allegation that had been dismissed as part of the negotiated resolution of the second petition. Defendant admitted the felony assault allegation, and all other allegations were dismissed. Given defendant's continuing gang affiliation, the Probation Department was of the opinion continued placement at juvenile hall was not beneficial and contrary to his rehabilitation, and recommended placement at the Department of Juvenile Facilities (DJF), where there were additional programs that could assist him. In a dispositional request, defendant challenged what he had understood was his ineligibility for the Log Cabin Ranch School. He pointed out the Probation Department's policy regarding undocumented persons, policy 8.12, which Probation had cited to support its position on the school, said nothing about excluding juveniles with ICE holds from the school. In fact, it included the statement: "Probation Officers may not inquire about the juvenile's or family member's immigration status and may not make detention decisions based on actual or perceived immigration status." The issue was discussed at the disposition hearing, and the court asked the Probation Department to investigate and continued the hearing.

At the continued hearing, the court, counsel and senior probation staff conferred in-chambers, and the court thereafter summarized the discussion on the record. The court stated: "We had some discussions off the record. I think we can summarize some of the discussion this way, and that is that the Probation Department has a policy against

3

sending undocumented youths to the Log Cabin Ranch because it's an unsecured facility. And in the past there have been problems with escapees who knew that there was an ICE detainer hold on them and they absconded from the premises and committed crimes while they were down there. But there's no legal prohibition on sending [undocumented youths with ICE holds] . . . to an unsecured facility; it's just the policy of the Probation Department based upon past experience. [¶] So I think that was the issue that raised at the last session. We wanted to get a determination on that. And I think we have resolved that." After listening to further argument on disposition, the court redeclared wardship and placed defendant in the DJF for a period of no more than five years, with credit for 487 days in custody.

## DISCUSSION

In light of the negotiated resolution of the August 2012 petition and defendant's admission of felony assault, appellate review is limited to post admission proceedings. (See *People v. Shelton* (2006) 37 Cal.4th 759, 766; *People v. Buttram* (2003) 30 Cal.4th 773, 780.) A juvenile court's dispositional order may be reversed on appeal only upon a showing the court abused its discretion. " ' "We must indulge all reasonable inferences to support the decision of the juvenile court and will not disturb its findings when there is substantial evidence to support them." ' [Citation.]" (*In re Robert H.* (2002) 96 Cal.App.4th 1317, 1330.)

Defendant was ably represented by counsel during all proceedings on the petition, including the dispositional hearings. He received all necessary advisements and admonitions in connection with his admission. At the disposition hearing, the juvenile court heard argument by counsel and in light of that, continued the hearing to address defendant's challenge to the Probation Department's position on placement at the Log Cabin Ranch School. That issue was adequately clarified, and the juvenile court acted well within its discretion in placing defendant at DJF, given his criminal history and the extent of the programs and services that will be provided to him at DJF.

4

## DISPOSITION

After a full review of the record, we find no arguable issues and affirm the disposition order.

_____
Banke, J.

We concur:

_____
Margulies, Acting P. J.

_____
Sepulveda, J.*

---

* Retired Associate Justice of the Court of Appeal, First Appellate District, Division Four, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.